IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| WOODBRIDGE GROUP OF COMPANIES, LLC, | : | Chapter 11 |
| *et al.,* | : | |
| | : | Case No. 17-12560 (BLS) |
| Remaining Debtors. | : | |
| | : | (Jointly Administered) |
| | : | |
| MICHAEL GOLDBERG, as Liquidating Trustee | : | Adv. Proc. No. 19-50921 (BLS) |
| of the Woodbridge Liquidation Trust, successor in | : | |
| interest to the estates of WOODBRIDGE GROUP | : | |
| OF COMPANIES, LLC *et al.,* | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ALL MARK INSURANCE SERVICES, INC, | : | |
| and | : | |
| CAMERON JOHNSON, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS, ALL MARK INSURANCE SERVICES, INC. & JAMES CAMERON JOHNSON'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendants, All Mark Insurance Services, Inc. and James Cameron Johnson[1] ("Defendants"), answer Plaintiff's Adversary Complaint: (I) for avoidance and recovery of avoidable transfers; and (II) for sale of unregistered securities, for fraud, and for aiding and abetting fraud as follows; any allegations not specifically referenced herein are denied:

## NATURE OF ACTION

1.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and demand strict proof thereof.

---

[1] Defendant James Cameron Johnson is incorrectly identified in the Complaint as "Cameron Johnson."

2.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and demand strict proof thereof.

3.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and demand strict proof thereof.

## JURISDICTION AND VENUE

4.     Defendants admit the allegations in paragraph 4 for jurisdictional and venue purposes only.

5.     Defendants admit the allegations in paragraph 5 for jurisdictional and venue purposes only.

## THE PARTIES

### *The Liquidation Trust*

6.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, and demand strict proof thereof.

7.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and demand strict proof thereof.

8.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and demand strict proof thereof.

9.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and demand strict proof thereof.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and demand strict proof thereof.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and demand strict proof thereof.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and demand strict proof thereof.

*Defendants*

13.     Admitted that James Cameron Johnson is an individual residing in the State of California.  Admitted that All Mark Insurance Services, Inc. is a California corporation.  The remainder of paragraph 13 is denied, and Defendants demand strict proof thereof.

14.     Defendants deny paragraph 14, and demand strict proof thereof.

## FACTUAL BACKGROUND

*The Fraud*

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and demand strict proof thereof.

16.     Defendants admit that they were not registered as broker-dealers with the SEC or applicable state agencies.  Defendants deny the remaining allegations in paragraph 16, and demand strict proof thereof.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and demand strict proof thereof.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and demand strict proof thereof.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and demand strict proof thereof.

*The Transfers*

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and demand strict proof thereof.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and demand strict proof thereof. Further, Defendants demand a copy of Exhibit 1 which is not attached to the Adversary Complaint.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

22.     Paragraph 22 simply repeats and re-alleges the allegations from paragraph 1 through paragraph 21 of the Adversary Complaint and requires no further response. To the extent any response is required Defendants incorporate their responses to paragraph 1 through paragraph 21 of the Adversary Complaint.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and demand strict proof thereof.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and demand strict proof thereof.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and demand strict proof thereof.

26.     Defendants deny the allegations in paragraph 26, and demand strict proof thereof.

## SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code

27.     Paragraph 27 simply repeats and re-alleges the allegations from paragraph 1 through paragraph 26 of the Adversary Complaint and requires no further response. To the extent any response is required Defendants incorporate their responses to paragraph 1 through paragraph 26 of the Adversary Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and demand strict proof thereof.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and demand strict proof thereof.

30.     Defendants deny the allegations in paragraph 30, and demand strict proof thereof.

31.     Defendants deny the allegations in paragraph 31, and demand strict proof thereof.

## THIRD CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code

32.     Paragraph 32 simply repeats and re-alleges the allegations from paragraph 1 through paragraph 31 of the Adversary Complaint and requires no further response. To the extent any response is required Defendants incorporate their responses to paragraph 1 through paragraph 31 of the Adversary Complaint.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and demand strict proof thereof.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and demand strict proof thereof.

35.     Defendants deny the allegations in paragraph 35, and demands strict proof thereof.

36.     Defendants deny the allegations in paragraph 36, and demand strict proof thereof.

## FOURTH CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Voidable Transactions – State Law

37.     Paragraph 37 simply repeats and re-alleges the allegations from paragraph 1 through paragraph 36 of the Adversary Complaint and requires no further response. To the extent

any response is required Defendants incorporate their responses to paragraph 1 through paragraph 36 of the Adversary Complaint.

38.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and demand strict proof thereof.

39.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and demand strict proof thereof.

40.      Defendants deny the allegations in paragraph 40, and demand strict proof thereof.

41.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and demand strict proof thereof.

42.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and demand strict proof thereof.

43.      Defendants deny the allegations in paragraph 43, and demand strict proof thereof.

### FIFTH CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Voidable Transactions – State Law**

44.      Paragraph 44 simply repeats and re-alleges the allegations from paragraph 1 through paragraph 43 of the Adversary Complaint and requires no further response. To the extent any response is required Defendants incorporate its responses to paragraph 1 through paragraph 43 of the Adversary Complaint.

45.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and demand strict proof thereof.

46.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and demand strict proof thereof.

47.      Defendants deny the allegations in paragraph 47, and demand strict proof thereof.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, and demand strict proof thereof.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and demand strict proof thereof.

50.     Defendants deny the allegations in paragraph 50, and demand strict proof thereof.

## SIXTH CLAIM FOR RELIEF

**Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c) and 12(a))**

51.     Paragraph 51 simply repeats and re-alleges the allegations from paragraph 1 through paragraph 50 of the Adversary Complaint and requires no further response. To the extent any response is required Defendants incorporate their responses to paragraph 1 through paragraph 50 of the Adversary Complaint.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52, and demand strict proof thereof.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, and demand strict proof thereof.

54.     Defendants deny the allegations in paragraph 54, and demand strict proof thereof.

55.     Defendants deny the allegations in paragraph 55, and demand strict proof thereof.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, and demand strict proof thereof.

57.     Defendants deny the allegations in paragraph 57, and demand strict proof thereof.

## SEVENTH CLAIM FOR RELIEF

### Fraud

58.    Paragraph 58 simply repeats and re-alleges the allegations from paragraph 1 through paragraph 57 of the Adversary Complaint and requires no further response. To the extent any response is required Defendants incorporate their responses to paragraph 1 through paragraph 57 of the Adversary Complaint.

59.    Defendants deny the allegations in paragraph 59, and demand strict proof thereof.

60.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and demand strict proof thereof.

61.    Defendants deny the allegations in paragraph 61, and demand strict proof thereof.

62.    Defendants deny the allegations in paragraph 62, and demand strict proof thereof.

63.    Defendants deny the allegations in paragraph 63, and demand strict proof thereof.

## EIGHTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

64.    Paragraph 64 simply repeats and re-alleges the allegations from paragraph 1 through paragraph 63 of the Adversary Complaint and requires no further response. To the extent any response is required Defendants incorporate their responses to paragraph 1 through paragraph 63 of the Adversary Complaint.

65.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, and demand strict proof thereof.

66.    Defendants deny the allegations in paragraph 66, and demand strict proof thereof.

67.    Defendants deny the allegations in paragraph 67, and demand strict proof thereof.

68.    Defendants deny the allegations in paragraph 68, and demand strict proof thereof.

69.     Defendants deny the allegations in paragraph 69 as phrased, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendants assert Plaintiff's claims are barred in whole or in part by the following defenses:

### FIRST AFFIRMATIVE DEFENSE

70.     Plaintiff has failed to plead a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

71.     The facts having not been fully developed, Defendants affirmatively pleads Plaintiff failed to mitigate, minimize, and/or avoid all, or a portion of, the alleged damages.

### THIRD AFFIRMATIVE DEFENSE

72.     The facts having not been fully developed, Defendants affirmatively pleads that any alleged injuries or damages Plaintiff claims to have sustained as a result of the incident described within the Adversary Complaint were not proximately caused by Defendants. Rather, the alleged injuries were sustained as a result of Plaintiff's own negligence, or the negligence of third parties, named or un-named, who were not in the care, custody, or control of Defendants. As a result, Plaintiff cannot recover against Defendants. Defendants or, in the alternative, any damages or recovery should be reduced in proportion to the negligence of any such third party and/or Plaintiff, and Defendants. Defendants should be liable, if at all, only for its proportionate share of liability.

### FOURTH AFFIRMATIVE DEFENSE

73.     The facts having not been fully developed, Defendants affirmatively pleads it is entitled to introduce evidence of the existence of these non-parties, and have their names placed

on any verdict form that is sent to a jury at the time of trial. Defendants reserve the right to amend this affirmative defense to add third parties that may be discovered.

## FIFTH AFFIRMATIVE DEFENSE

74.     The facts having not been fully developed, Defendants affirmatively allege that Plaintiff's damages, if any, were caused by individuals or entities over which Defendants neither has control nor the right to control, who bear responsibilities for Plaintiff's damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

75.     The facts having not been fully developed, Defendants affirmatively plead that it is entitled to setoff for any settlements or awards obtained by Plaintiff from any other parties or non-parties and from any collateral sources of indemnity.

## SEVENTH AFFIRMATIVE DEFENSE

76.     The facts having not been fully developed, Defendants affirmatively plead that their clients who purchased Woodbridge consented and/or approved the purchase of the same.

## EIGHTH AFFIRMATIVE DEFENSE

77.     The facts having not been fully developed, Defendants affirmatively plead that Plaintiff's waived its right to bring the alleged causes of action against Defendants. Defendants reserve the right to amend this affirmative defense to provide facts to the same during the discovery process as waiver is a question of fact.

## NINTH AFFIRMATIVE DEFENSE

78.     Plaintiff has failed to plead a cause of action upon which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE

79.     The facts having not been fully developed, Defendant affirmatively pleads that Plaintiff waived his right to bring the alleged causes of action against Defendant. Defendant

reserves the right to amend this affirmative defense to provide facts to the same during the discovery process as waiver is a question of fact.

## ELEVENTH AFFIRMATIVE DEFENSE

80.    The facts having not been fully developed, Defendants affirmatively that they did not participate in any fraudulent activity.

## TWELFTH AFFIRMATIVE DEFENSE

81.    The facts having not been fully developed, Defendants affirmatively state that they did not knowingly make any misrepresentations regarding Woodbridge to their clients.

## THIRTEENTH AFFIRMATIVE DEFENSE

82.    The facts not fully developed, Defendants affirmatively plead that their clients failed to exercise ordinary care.

## FOURTEENTH AFFIRMATIVE DEFENSE

83.    The facts having not been fully developed, Defendant affirmatively pleads that Defendants acted in a commercially reasonable manner.

## FIFTEENTH AFFIRMATIVE DEFENSE

84.    The facts not fully developed, Defendants affirmatively plead that their clients failed to act in a commercially reasonable manner.

## SIXTEENTH AFFIRMATIVE DEFENSE

85.    The facts not fully developed, Defendants affirmatively plead Plaintiff is estopped from bring its causes of action against Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

86.    The facts not fully developed, Defendants affirmatively plead Plaintiff's claims are barred by the applicable statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

87.     The facts having not been fully developed, Defendants affirmatively plead that their clients ratified the subject transactions.

### NINETEENTH AFFIRMATIVE DEFENSE

88.     The payments made by the Woodbridge affiliated entities to Defendants were made, in whole or in part, in the ordinary course of business pursuant to 11 U.S.C. §547(c)(2).

### TWENTIETH AFFIRMATIVE DEFENSE

89.     Plaintiff has failed to satisfy a prima facie claim for avoidance under 11 U.S.C. §547(b), as one or all of the elements of 11 U.S.C. §547(b) are not satisfied.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

90.     The claims set forth in the Complaint are barred under the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

91.     The claims set forth in the Complaint are barred under the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

92.     All transfers from the Woodbridge affiliated entities to Defendants were made in exchange for reasonably equivalent consideration.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

93.     The Woodbridge affiliated entities were solvent at all relevant times and no transfers to Defendants rendered these entities insolvent.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

94.     Defendants were not of the Woodbridge affiliated entities.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

95.     Defendant expressly incorporates all defenses pursuant to 11 U.S.C. §547(c) and

reserves the right to assert any other affirmative defense and reserved the right to file an

Amended Answer asserting the same.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

96.     Defendant reserves the right to amend, add, delete, and/or modify its affirmative

defenses based upon information learned through the discovery process.

## DEMAND FOR JURY TRIAL

 Defendants, All Mark Insurance Services, Inc. and James Cameron Johnson demand trial

by jury of all issues so triable as a matter of right.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their

favor and against Plaintiff together with costs and any other relief this Court deems appropriate.


WINGET, SPADAFORA &
SCHWARTZBERG LLP

Dated: March 9, 2020                    _/s/ Denis Dice_____
Denis Dice (pro hac forthcoming)[2]
Douglas Fogle (pro hac forthcoming)
1528 Walnut Street, Suite 1502
Philadelphia, PA 19102
Telephone: (215) 433-1500
Facsimile: (215) 433-1501
Dice.d@wssllp.com
Fogle.d@wssllp.com
Attorneys for Defendants

---

[2] Pursuant to Rule 9010-1(d) of the Local Rules for the United State Bankruptcy Court for the District of Delaware, Counsel for Defendant will associate with Delaware Counsel within the timeframe prescribed by Rule 9010-1(d).

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020, a true and correct copy of the foregoing was served via Electronic Mail by the Court's ECF System upon:

*Richard M. Pachulski (CA Bar No. 90073)*
*Andrew W. Caine (CA Bar No. 110345)*
*Bradford J. Sandler (DE Bar No. 4142)*
*Colin R. Robinson (DE Bar No. 5524)*
Pachulski Stang Ziehl & Jones, LLP
Counsel for Plaintiff
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Fax: 302-6524400

                              __/s/_____
                              Douglas Fogle, Esq.
                              pro hac Forthcoming